UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12CV657 HEA |
| | ) |
| JENNIFER SACHSE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Jason Howard (registration no. 1212909), an inmate at Missouri Eastern Correctional Center ("MECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.59. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $37.93, and an average monthly balance of $0.58. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.59, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are Jennifer Sachse (Warden, MECC), Mark Monayhan (Correctional Officer, MECC), Adrian Barnes (Functional Unit Manager, MECC), Unknown Potter (Lieutenant, MECC), Lawrence Slape (Correctional Officer, MECC), Unknown Roos (same), Unknown Couch (same), Unknown Second Shift Captain, Unknown Second Shift Lieutenant, and Unknown Hill (Caseworker, MECC).  Plaintiff sues defendants in their "official and unofficial capacities."  The Court will liberally construe this to mean he is suing them in both their official and individual capacities.

Plaintiff alleges that in September 2011 he was given a conduct violation for having a weapon.  Plaintiff claims that the weapon was not his and that he challenged the conduct violation.  Plaintiff says that defendant Barnes held the conduct violation

hearing.  Plaintiff claims that Barnes did not permit him to present witnesses and did not allow inmate counsel to help him present his case.  Plaintiff asserts that he spent forty-one days in administrative segregation as a result of being found guilty after the hearing.

Plaintiff claims that defendants Unknown Second Shift Captain and Unknown Second Shift Lieutenant coerced him into dropping his grievance appeal regarding the hearing by issuing threats towards him.

Plaintiff alleges that defendant Monayhan confiscated his legal work concerning "pending" suits against MECC.

Plaintiff says that he has tried to file grievances but that defendant Hill has not allowed him to do so.  Plaintiff claims that he has sought a vocational transfer to another facility, and plaintiff says that Hill has promised to prevent any transfer in retaliation for filing grievances and lawsuits.  Plaintiff also claims that Hill has prevented him from obtaining advice from inmate counsel regarding his pending cases.

Plaintiff claims he was denied parole because of the conduct violation, which he says has extended his release date by nearly two years.

Plaintiff asserts that prison officials allow prisoners to work on the air conditioning system, and he claims that the prisoners have allowed chemicals to

escape into the air, violating EPA regulations and presenting a health hazard to the population. Plaintiff says he prepared affidavits from several prisoners regarding these violations in preparation for filing an EPA violation suit. Plaintiff asserts that defendants Monayhan, Couch, and Roos confiscated and destroyed the allegations, interfering with plaintiff's planned lawsuit.

## Discussion

Plaintiff's allegations against defendant Hill, Monayhan, Couch, and Roos for denial of access to the courts survive initial review under 28 U.S.C. § 1915(e). And plaintiff's allegations against Hill for retaliation also survive review. As a result, the Court will order these defendants to respond to the complaint. Additionally, plaintiff's allegations against Unknown Second Shift Captain and Unknown Second Shift Lieutenant for retaliation survive review; plaintiff may attempt to obtain the true names of these defendants during the discovery process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in

§ 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Sachse, Potter, or Slape, were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, plaintiff's allegations against defendant Barnes regarding the process at the conduct violation hearing and his placement in administrative segregation fail to state a claim upon which relief can be granted.

To the extent that plaintiff is brining a claim regarding the denial of parole, such claim fails as a matter of law.  "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions."  Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.59 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Monayhan, Roos, Couch, and Hill.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Monayhan, Roos, Couch, and Hill shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Sachse, Potter, Slape, and Barnes because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of April, 2012.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE